**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**DONNA MITCHELL, as Special Administrator
of the Estate of Kenneth Andrew Bigham and
Mother and Special Representative of
Elizabeth Mitchell and Douglas Mitchell, minors,
STEPHEN MITCHELL and
JOYCE HOPE MITCHELL,**

      **Plaintiffs,**

**v.**

**CARRIX, Inc., and
PACIFIC RAIL SERVICES, LLC,**

      **Defendants.**                    **Case No. 07-cv-359-DRH**

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

This matter comes to the Court's attention as part of its ongoing and independent obligation to assure itself of jurisdiction over the parties' controversy. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle***, 7 Wall. 506, 514 19 L. Ed. 264 (1868); ***Steel Co. v. Citizens for Better Environment***, 523 U.S. 83, 94 (1998). In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should

raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. *See Kreuger v. Cartwright*, **996 F.2d 928, 930-31 (7th Cir. 1993)**; *Kanzelberger v. Kanzelberger*, **782 F.2d 774, 777 (7th Cir. 1986)**. Thus, the Court raises the issue *sua sponte*.

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, **106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**. Under **28 U.S.C. § 1332(c)**, for the purpose of federal diversity jurisdiction, a corporation is deemed a citizen of both the state in which it is incorporated and the state where its principal place of business is located. *Casio, Inc. v. S.M. & R. Co.*, **755 F.2d 528, 529 (7th Cir.1985)**. "The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members." *Wise v. Wachovia Securities, LLC*, **450 F.3d 265, 267 (7th Cir. 2006)(collecting cases)**; *see also Commonwealth Ins. Co. v. Titan Tire Corp.*, **398 F.3d 879, 881 n.1 (7th Cir. 2004)(citing *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003))**. As such, unincorporated business entities, such as limited partnerships ("LP") or limited liability companies ("LLC") "are [more

appropriately] analogized to partnerships . . . ." ***Belleville Catering Co.*, 350 F.3d at 692 (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S. Ct. 1015 (1990)).** Thus, the Seventh Circuit deems an LLC a citizen "of every state of which any member is a citizen." ***Id.* (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir.1998)).**

In this suit, one of the two defendants, Pacific Rail Services, is alleged to be an LLC. However, by a cursory review of the Complaint, Plaintiffs have failed to properly plead the citizenship of Pacific Rail Services, LLC, thereby placing into question whether the citizenship between the parties is completely diverse. Until this has been properly plead, the Court must approach this case as if jurisdiction does not exist. Along these lines, the Court does not have the authority to "consider the merits of a case over which it is without jurisdiction." ***Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981)**.

While the Court is not stating that diversity jurisdiction between the parties does not exist, currently, it is in question and thus, not established. Therefore, Plaintiffs' Complaint (Doc. 2) shall hereby be **DISMISSED WITHOUT PREJUDICE** for failure to properly plead and establish subject matter jurisdiction. However, the Court will keep the case file open in order to allow Plaintiffs **sixty (60) days** from the date of this Order to file a Motion for Leave to File an Amended Complaint, to include the proper jurisdictional allegations, as explained in this Order. If Plaintiffs do not timely file said Motion or fails to request an extension of

time, the Clerk will then be instructed to close the case file.

**IT IS SO ORDERED**.

Signed this 5th day of July, 2007.

/s/        David   RHerndon
**United States District Judge**